IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA,

vs.

CASE NO.: CR210-034
CR211-018

WILLIAM GLEN McDADE,

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant William McDade ("McDade"), who is currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina, filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). McDade is serving a 41 month sentence for unlicensed dealing in firearms, in violation of 18 U.S.C. § 922(a)(1)(A), and a consecutive 18 month sentence for distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1). McDade asserts that, since he was incarcerated, his 23-year old son was shot and has become incapacitated due to nearly complete blindness. McDade also asserts that his common law wife, who has been the caregiver for their son, has also become incapacitated due to spinal surgery. McDade contends that he should be granted an early compassionate release or reduction in his sentence so that he can care for his son and common law wife.

Respondents contend that McDade is not entitled to his requested relief for three (3) reasons: 1) this Court does not have jurisdiction over McDade's request; 2) McDade did not exhaust his administrative remedies prior to filing this Motion; and 3) McDade does not meet the criteria for a compassionate release.

Section 3582(c)(1)(A) of Title 18 of the United States Code provides: A "court may not modify a term of imprisonment once it has been imposed except that--

(1) in any case--

> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"

In other words, courts do not have the authority to modify a sentence under § 3582(c)(1)(A) except upon motion of the Director of the Bureau of Prisons ("BOP"). Cruz-Pagan v. Warden, FCC Coleman-Low, 486 F. App'x 77, 79 (11th Cir. 2012). There is no motion from the Director of the BOP presently before the Court seeking the modification of McDade's sentence. Thus, this Court lacks jurisdiction to entertain McDade's Motion.

2

It is unnecessary to address the remaining assertions in Respondents' Response.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that McDade's Motion for Compassionate Release be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of June, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)